**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DIANE ELIZABETH ELDER | ) | Case No. 20−32216−KLP |
| | ) | Chapter 7 |
| Debtor | ) | |

**NOTICE OF MOTION TO EXTEND THE AUTOMATIC STAY AND HEARING**

    The above named Debtor, by counsel, has filed a Motion to Extend the Automatic Stay with the Court pursuant to 11 U.S.C. § 362(c)(3)(B). <u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one.

**NOTICE IS HEREBY GIVEN THAT A HEARING ON THIS MOTION WILL BE HELD ON June 3, 2020 at 10:00 a.m. in Honorable Judge Keith L. Phillips' Courtroom, U.S. Bankruptcy Court, 701 E. Broad Street, Room 5100, Richmond, VA 23219.**

    If you want to be heard on this matter, then no later than three (3) days before the date of the hearing, you or your attorney must:

    1. File with the court, at the address below, a written response pursuant to Local Rule 9013-1(H). If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.

            Clerk of Court
            United States Bankruptcy Court
            701 E. Broad Street, Room 4000
            Richmond, VA 23219-3515

    2.  You must also mail a copy to:

            James E. Kane, Esquire
            Kane & Papa, PC
            P.O. Box 508
            Richmond, VA  23218

    If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting that relief.

James E. Kane (VSB# 30081)
KANE & PAPA, P.C.
P. O. Box 508
Richmond, Virginia 23218-0508
Telephone (804) 225-9500
*Counsel for Debtor*

        Respectfully submitted,

        DIANE ELIZABETH ELDER
        By Counsel

/s/ James E. Kane
James E. Kane (VSB# 30081)
Kane & Papa, P.C.
P. O. Box 508
Richmond, Virginia 23218-0508
Telephone (804) 225-9500
*Counsel for Debtor*

## **CERTIFICATE OF SERVICE**

      I certify that on May 29, 2020, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to the Debtors, Chapter 13 trustee, the United States trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1, all attorneys appearing in the previous case as listed below, and to all creditors and parties in interest of the mailing matrix attached hereto.

        /s/ James E. Kane
        Counsel for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| IN RE: ) | |
| ) | |
| DIANE ELIZABETH ELDER ) | Case No. 20−32216−KLP |
| ) | Chapter 7 |
| Debtor ) | |

**MOTION TO EXTEND AUTOMATIC STAY AND MEMORANDUM IN SUPPORT**

COMES NOW DIANE ELIZABETH ELDER (the "Debtor"), by counsel, pursuant to 11 U.S.C. § 362(c)(3)(B) and files the following Motion to Extend Automatic Stay and Memorandum in Support Thereof, and affirmatively states as follows:

**Jurisdiction**

1. Jurisdiction of this Court over the instant matter is based upon 28 U.S.C. §§ 1334 and 157 in that this action arises in and relates to the bankruptcy case of the Debtor.

2. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (K), and (O).

3. Venue is proper pursuant to 28 U.S.C. § 1409.

**Background Facts**

4. On May 6, 2020 (hereinafter the "Petition Date"), the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code (the "instant case").

5. On May 26, 2020, the Debtor filed a Motion to Convert to Chapter 13.

6. Within the year prior to filing the instant case, Debtor has been a debtor in one (1) pending Chapter 13 bankruptcy case which was filed on February 7, 2019 and dismissed on or about March 3, 2020 (Case No. 19-30652) (the "previous case"). The Debtor has also been a debtor in a Chapter 7 case filed on March 3, 2005 wherein the Debtor received a discharge on June 13, 2005 (Case No. 05-10724).

7. The previous case was dismissed by the Court because the Debtor was delinquent in payments to the Chapter 13 Trustee. In September 2019 the Debtor's employment contract ended and she was out of work for 3 months with no income. Once the Debtor regained employment, she was unable to catch up on the missed payments. Debtor now has stable income from Mpire Technology Group Inc. and will be having her plan payments made via a wage order.

**Facts of the Instant Case**

8. In the instant case, the Debtor anticipates a proposed Chapter 13 Plan (the "Plan") that commits to pay the Trustee all projected disposable income, $50.00 per month for a period of one (1) month, and $460.00 for a period of thirty-five (35) months. Among other provisions, the Plan will propose payment through the Trustee to unsecured creditors a dividend of approximately eleven percent (11%).

**Discussion**

9. Because the instant case was commenced within one (1) year of the dismissal of the prior case, the automatic stay in the instant case will expire "with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease . . . " unless the Court extends the automatic stay. 11 U.S.C. § 362(c)(3)(A) and (B).

10. Pursuant to 11 U.S.C. § 362(c)(3)(B), Debtor must demonstrate to the Court that the instant case was filed in good faith in order to obtain an extension of the automatic stay.

11. If the Court finds grounds for presuming the instant case was filed "not in good faith," § 362(c)(3)(C) would impose a burden on Debtors to overcome such presumption and prove good faith by clear and convincing evidence. If, however, the Court finds no grounds for presuming the instant case was filed "not in good faith," Debtors must merely prove good faith by a preponderance of the evidence. In re Havner, 336 B.R. 98, 103 (Bankr. M.D.N.C. 2006); In re Ball, 336 B.R. 268, 273 (Bankr. M.D.N.C. 2006).

12.     Within the context of motions to continue the automatic stay pursuant to § 362(c)(3), In re Chaney, 362 B.R. 690, 694 (Bankr. E.D. Va. 2007), instructs that the term "good faith" was defined judicially in the Fourth Circuit by Deans v. O'Donnell, 692 F.2d 968, 972 (4th Cir. 1982), further refined by Neufeld v. Freeman, 794 F.2d 149, 152 (4th Cir. 1986), and left unchanged by Congress when it created § 362(c)(3). Chaney at 694.

13.     Pursuant to Neufeld v. Freeman, good faith determinations require courts to consider, *inter alia*, "the percentage of proposed repayment, the debtor's financial situation, the period of time payment will be made, the debtor's employment history and prospects, the nature and amount of unsecured claims, the debtor's past bankruptcy filings, the debtor's honesty in representing facts, and any unusual or exceptional problems facing the particular debtor." Id. at 152, *citing* Deans v. O'Donnell, 692 F.2d at 972. The focus of the inquiry is "to determine whether or not . . . there has been 'an abuse of the provisions, purpose, or spirit' of Chapter 13 in the proposal or plan." Neufeld at 152, *citing* Deans at 972, and *quoting* 9 Collier on Bankruptcy 9.20 at 319 (14th ed. 1978).

14.     In order to apply the Fourth Circuit's definition of good faith in determining whether the automatic stay should be extended pursuant to § 362(c)(3), "the court must be satisfied that the plan in the new case will succeed where the plan in the prior case did not. Usually this will require a finding that some change in the financial or personal affairs of the debtor has occurred that will allow the debtor to perform under the terms of the plan in the new case. But the inquiry does not end there. The court needs to determine that the repetitive filing does not violate the spirit of the Bankruptcy Code. The new case must not be a ploy to frustrate creditors. It must represent a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13." Chaney at 694.

**Argument**

15. In the case *sub judice* there is a presumption that the instant case was filed "not in good faith" as to all creditors. Therefore, Debtor must prove by clear and convincing evidence that the instant case was filed in good faith.

16. In the instant case, the Debtor has acted in good faith, and Debtor requests that the Court grant an extension of the automatic stay as to all creditors, as to Debtor and his property, and as to the property of the estate for the duration of the instant case

17. Applying the Neufeld factors to Debtor's circumstances and to this case leads to the following conclusions:

   a. *Percentage of proposed repayment* - The Plan is expected to propose to pay a dividend of 11% to non-priority unsecured creditors. Such creditors would receive a dividend of 0% if Debtor were to file a Chapter 7 bankruptcy case. Application of this factor favors a finding of good faith.

   b. *Debtor's financial situation* – Debtor has income from working at Mpire Technology Group Inc where she has worked for two (2) months. Application of this factor favors a finding of good faith.

   c. *Period of time payment will be made* - The period of time in which payments will be made is reasonable and is based upon the Debtor's best efforts. Application of this factor favors a finding of good faith.

   d. *Debtor's employment history and prospects* – Debtor has income from working at Mpire Technology Group Inc where she has worked for two (2) months. Application of this factor favors a finding of good faith.

   e. *Nature and amount of unsecured claims* – Debtor's Schedule F non-priority unsecured debts are estimated to be approximately $94,264. Debtor has not incurred any unsecured

6

Case 20-32216-KLP    Doc 23    Filed 05/29/20    Entered 05/29/20 14:47:38    Desc Main
                              Document      Page 7 of 15

debt for luxury goods or services or any unsecured debt due to revolving credit accounts or pay day loans within the 90 days prior to filing the instant case. Application of this factor favors a finding of good faith.

      f.     *Debtor's past bankruptcy filings* - The instant Motion is required due to the fact that the Debtor's previous case that was dismissed within one (1) year of the Filing Date hereof. The Affidavit attached hereto as Exhibit "1" describes fully the reasons that the previous case was dismissed. Debtor incorporates such explanation herein by this reference. Debtor's hardships do not indicate an abuse of the bankruptcy system; rather, they indicate an honest but thus far unsuccessful attempt to financially reorganize. Application of this factor favors a finding of good faith.

      g.     *Debtor's honesty in representing facts* – Debtor has fully disclosed all assets, liabilities, and pertinent information regarding personal and financial affairs and is prepared to cooperate fully with the Chapter 13 Trustee. Application of this factor favors a finding of good faith.

      h.     *Any unusual or exceptional problems facing the particular debtors* – There are no unusual or exceptional problems facing Debtor. Application of this factor favors a finding of good faith.

     18.     Debtor asserts that the instant case does not "violate the spirit of the Bankruptcy Code" and it is not "a ploy to frustrate creditors"; rather, it represents "a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13". *See* <u>Chaney</u> at 694. In support hereof, the Debtor asserts the following additional arguments:

      a.     *The timing of the petition* – Between the dismissal of the previous case and the instant case, Debtor did not act in a manner so as to purposely delay payment of debts and did not delay in filing the instant case so as to intentionally frustrate creditors. Debtor's actions in this

regard indicate an intent to use the bankruptcy system to resolve debts in an appropriate manner. Application of this factor favors a finding of good faith.

    b.    *How the debt(s) arose* – The debts in this case arose primarily over a period of time extending back several years. The debts were not the result of misuse of credit or luxury spending; rather, they arose as a result of ordinary living expenses that Debtor became unable to repay. Application of this factor favors a finding of good faith.

    c.    *The debtor's motive in filing the petition* – Debtor's motive in filing this case is to apply best efforts to repay creditors and receive a fresh start through bankruptcy. Application of this factor favors a finding of good faith.

    d.    *How the debtor's actions affected creditors* – The Plan provisions and treatment of creditors are generally described in paragraph 7, *supra*. This factor will rarely favor a debtor, because "[f]iling for bankruptcy relief will almost always prejudice one's creditors." Galanis, 334 B.R. at 696.

    e.    *Changes in circumstance and ability to complete this case* – The Affidavit attached hereto as Exhibit "1" describes fully the Debtor's changes in circumstances and explain both the legitimate bases for the filing of this case as well as the Debtor's ability to complete this case. Debtor incorporates such explanations herein by this reference. Application of this factor favors a finding of good faith.

    WHEREFORE, for the foregoing reasons, DIANE ELIZABETH ELDER respectfully requests this Honorable Court to enter an Order extending the automatic stay as to all creditors, as to Debtor and Debtor's property, and as to the property of the estate for the duration of the instant case, and for such other and further relief as to the Court shall be deemed appropriate.

    Respectfully submitted,

    DIANE ELIZABETH ELDER
    By Counsel

/s/ James E. Kane
James E. Kane (VSB# 30081)
KANE & PAPA, P.C.
P. O. Box 508
Richmond, Virginia 23218-0508
Telephone (804) 225-9500
*Counsel for Debtor*

## **CERTIFICATE OF SERVICE**

      I certify that on May 29, 2020, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to the Debtor, Chapter 13 trustee, the United States trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1, all attorneys appearing in the previous case as listed below, and to all creditors and parties in interest of the mailing matrix attached hereto.

                                        /s/ James E. Kane
                                        Counsel for Debtor

America Infosource
Verizon
PO Box 248838
Oklahoma City, OK 73124


Anesthesia Solutions of VA
PO Box 73983
Dept. 1011
Atlanta, GA 30374


Atlas Acquisitions LLC
2601 Cattleman Rd.
Sarasota, FL 34232


Autotrakk Llc
Attn: Bankruptcy Department
1500 Sycamore Rd., Ste. 200
Montoursville, PA 17754


Blue & Grey Emerg Phys
PO Box 37877
Philadelphia, PA 19101


Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130


CCI/Contract Callers Inc
Attn: Bankruptcy Dept
501 Greene St Ste 302
Augusta, GA 30901


Check Express Advance
10679 Courthouse Road
Fredericksburg, VA 22407


Comenity Bank/roamans
Po Box 182789
Columbus, OH 43218


Convergent Outsourcing, Inc.
Attn: Bankruptcy
Po Box 9004
Renton, WA 98057

Credit Control Corp
Po Box 120568
Newport News, VA 23612


Cybrcollect
Attn: Bankruptcy
3 Easton Oval, Ste 210
Columbus, OH 43219


Darcey Geissler
919 Ware Street, SW
Vienna, VA 23180


Easy Comforts
P.O. Box 2861
Monroe, WI 53566


Fredericksburg Em Med Alliance
P.O. Box 808
Grand Rapids, MI 49518-0808


Fredericksburg Orthopaedic As
3310 Fall Hill Ave
Fredericksburg, VA 22401


Genesis Bc/celtic Bank
Attn: Bankruptcy
268 South State Street Ste 300
Salt Lake City, UT 84111


Jefferson Capital Systems LLC
Po Box 7999
Saint Cloud, MN 56302


Jefferson Capital Systems LLC
PO Box 17210
Golden, CO 80402


LVNV Funding/Resurgent Capital
Attn: Bankruptcy
Po Box 10497
Greenville, SC 29603

```
Mary Washington Healthcare
2300 Fall Hill Ave.
Suite 101
Fredericksburg, VA 22401


MDG US/Capital Community Bank
49 W University Pkwy
Orem, UT 84058


Medical Imaging of Fredericks.
P.O. Box 7606
Fredericksburg, VA 22404


Midland Funding
2365 Northside Dr Ste 300
San Diego, CA 92108


MultiSpecialty Health Group
4604 Spotsylvania Pkwy
Suite 200
Fredericksburg, VA 22408


O'Sullivan Pathology, PLLC
9834 Business Way
Manassas, VA 20110


ODC Recovery Services, Inc
2300 Fall Hill Ave., Suite 314
Fredericksburg, VA 22401


Orthopaedics Specialists
PO Box 409591
Atlanta, GA 30384


Quantum 3 Group LLC
Comenity Bank
P.O. 788
Kirkland, WA 98083


Regional Acceptance Co
Attn: Bankruptcy
Po Box 1487
Wilson, NC 27894
```

```
Regional Acceptance Co
Attn: Bankruptcy
1424 E Firetower Rd
Greenville, SC 27858


Remote Neuromonitoring Phys
Dept 2105
PO Box 11407
Birmingham, AL 35246


Security Check
Attn: Bankruptcy Dept
2612 Jackson Ave W
Oxford, MS 38655


Spotsylvania Multi Specialty
4604 Spotsylvania Pkwy
Suite 200
Fredericksburg, VA 22408


Spotsylvania Regional Medical
PO Box 13620
Henrico, VA 23255


Spottsylvania Regional Medical
4600 Spotsylvania Parkway
Fredericksburg, VA 22408


Stafford Hospital Center
101 Hospital Center Blvd
Stafford, VA 22554


Surgi-Center of Central VA
1500 Dixon St #101
Fredericksburg, VA 22401


Tate & Kirlin
2810 Southampton Road
Philadelphia, PA 19154


United Consumer Financial
865 Bassett Road
Westlake, OH 44145
```

United Consumer Financial Services
Attn: Bankruptcy
Po Box 856290
Louisville, KY 40285


US Deptartment of Education/Great Lakes
Attn: Bankruptcy
Po Box 7860
Madison, WI 53707


Virginia Bariatric
1850 Town Center Parkway
Reston, VA 20190


Walter Sheffield, Esq.
PO Box 7906
Fredericksburg, VA 22404